749 So.2d 286 (1999)
Oscar MOSLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00367-COA.
Court of Appeals of Mississippi.
September 7, 1999.
*287 Oscar Mosley, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND MOORE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Oscar Mosley pled guilty to felony escape on April 14, 1998. The Newton County Circuit Court denied his request for relief under the Uniform Post-Conviction Collateral Relief Act. We affirm.

FACTS
¶ 2. On either January 20 or 21, 1998, Oscar Mosley escaped from the Newton City Jail where he was in custody after having been arrested for grand larceny. Though the indictment alleges that Mosley escaped on January 20, he contends that the alleged escape occurred on January 21. Regardless of the date, Mosley pled guilty to felony escape on April 14, 1998. The Newton County Circuit Court sentenced him to serve a term of three years in the custody of the Mississippi Department of Corrections and further ordered him to pay a $1,500 fine. Mosley filed a motion for post-conviction collateral relief on September 16, 1998. The motion was dismissed by the Newton County Circuit Court on November 12, 1998.
¶ 3. On appeal, Mosley raises two issues not raised below: (1) that an insufficient factual basis existed to support his guilt of the crime of felony escape; and (2) his guilty plea was involuntary due to the trial judge's failure to advise him of the elements of the crime and of its minimum sentence. Mosley's remaining allegation is (3) that a material fact exists which would prove his innocence.

DISCUSSION
¶ 4. In reviewing a trial court's decision to deny a motion for post-conviction relief we will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).

I & II. Factual basis and voluntariness
¶ 5. Mosley argues that an insufficient factual basis existed which would support a finding that he was guilty of the crime of felony escape. At the plea hearing, Mosley responded affirmatively when asked by the trial judge if he committed the crime. He now contends that this bare admission of guilt is not sufficient evidence to support a guilty plea and conviction.
¶ 6. Mosley also alleges that his guilty plea was involuntary due to the trial judge's failure to advise him of the elements of the crime of felony escape and the minimum sentence it carries upon conviction. *288 He relies upon one precedent which provides what he considers to be the elements of the crime of felony escape. Miller v. State, 492 So.2d 978, 981 (Miss. 1986). We do not find that Miller was creating a new set of elements.
¶ 7. Mosley failed to raise either of these issues in his motion for post-conviction relief. Matters brought on motion for post-conviction relief are subject to appeal only if they were raised in the lower court. Foster v. State, 716 So.2d 538, 540 (Miss. 1998). We do not further address these two assignments of error.

III. Existence of new evidence
¶ 8. The Post-Conviction Collateral Relief Act provides that "[a]ny prisoner in custody under sentence of a court of record of the state of Mississippi who claims... [t]hat there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice ... may file a motion to vacate, set aside or correct the judgment or sentence...." Miss. Code Ann. § 99-39-5(1)(e) and (i) (Supp. 1998). No relief shall be granted unless the prisoner proves by a preponderance of the evidence that he is entitled to such. Miss.Code Ann. § 99-39-23(7) (Supp.1998).
¶ 9. In his motion for post-conviction relief, Mosley asserts that there exists "evidence of [a] material fact not previously presented and heard that requires vacation of the sentence in the interest of justice." The motion fails to contain any facts in support of this contention unless Mosley is attacking the date in the indictment. In his motion, Mosley notes that the indictment alleged that he escaped on January 20. According to Mosley, he could not have escaped from jail on January 20 because jail records indicate that he was in jail on that date. We do not know what the jail records would show, but if they are as Mosley alleges that is actually consistent with guilt. In order to escape from jail on a specific date, an individual would necessarily have to be in the jail on that same date. Moreover, the "[f]ailure to state the correct date shall not render the indictment insufficient...." URCCC 7.06(5). Based on these assertions, Mosley was not entitled to any relief.
¶ 10. Also not mentioned in his trial motion is the allegation made on appeal that he was released from jail by Lee Carmichael and thus did not escape. Again, this new matter raised on appeal cannot be the basis for relief. Moreover, although Mosley contends that Carmichael informed him that the grand larceny charges against him had been dismissed, an affidavit filed by Carmichael contradicts Mosley's account and supports the charge of escape. What the trial judge would have done with that conflict in allegations is academic, as Mosley did not present the matter to him. It is too late to introduce the factual issue on appeal.
¶ 11. Mosley failed to prove by a preponderance of the evidence that new evidence existed which required vacation of his conviction or sentence. The judge may dismiss the motion for post-conviction relief without a hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2) (Supp.1998). Mosley's motion was properly dismissed.
¶ 12. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.