797 So.2d 1006 (2001)
Billy Dale HILL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00741-COA.
Court of Appeals of Mississippi.
March 6, 2001.
*1007 Billy Dale Hill, Appellant, pro Se.
Office of the Attorney General by Billy L. Gore, Attorneys for Appellee.
District Attorney: R.K. Coleman.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Billy Dale Hill pled guilty to one count of murder and one count of forcible rape on October 24, 1977, and received two consecutive life sentences for the crimes. On August 9, 1999, Hill petitioned the Calhoun County Circuit Court for post-conviction relief. On appeal, Hill challenges the circuit court's summary denial of his post-conviction relief petition. Specifically, Hill challenges the trial court's authority to impose a life sentence for the rape charge without a jury recommendation. Finding that Hill's petition for post-conviction relief is procedurally barred, we hereby affirm.

LAW AND ANALYSIS

A. Statute of limitations
¶ 2. Mississippi Code Annotated section 99-39-5(2) (Rev.2000) requires a prisoner who desires to petition for post-conviction relief, in the case of a guilty plea, to file his petition within three years after entry of the judgment of conviction. Since Hill pled guilty before the Mississippi Legislature passed the Post-Conviction Relief Act, on April 17, 1984, Hill was required to petition for post-conviction relief within three years after the Act was passed. Odom v. State, 483 So.2d 343, 344-45 (Miss.1986). Thus, Hill was required to file his petition by April 17, 1987.
¶ 3. The following are exceptions to the three-year limitations period:
Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.2000). Hill has not asserted any of these exceptions to the statute of limitations; therefore, his petition is time-barred.

*1008 B. Successive petition

¶ 4. "[A]ny order dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter." Miss.Code Ann. § 99-39-23(6) (Rev.2000). The present appeal involves Hill's fourth request for post-conviction relief.[1] As such, Hill's present petition is barred.
¶ 5. The trial court may summarily dismiss a petition for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2000). Hill is not entitled to any relief because his petition for post-conviction relief is both time-barred and barred as a successive petition. Thus, the lower court's summary dismissal of Hill's petition was correct.
¶ 6. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO CALHOUN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.
NOTES
[1] See Hill v. State, No. 92-M-1044 (Miss. June 27, 1994) (Hill's application to proceed in the lower court with a motion to correct the sentence barred because it was res judicata); Hill v. State, 553 So.2d 30 (Miss.1989) (trial court's denial of Hill's petition for post-conviction relief denied); and Hill v. State, 388 So.2d 143 (Miss.1980) (the court struck the "without benefit of probation or parole" portion of Hill's sentences but otherwise left the life sentences intact).