809 So.2d 734 (2002)
Ronald ROBINSON a/k/a Ronald Donnell Robinson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00533-COA.
Court of Appeals of Mississippi.
February 26, 2002.
Ronald Robinson, Pro Se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
McMILLIN, C.J., For The Court.
¶ 1. Ronald Robinson has appealed from a decision of the Hinds County Circuit Court denying Robinson any relief on his post-conviction relief motion. The motion was dismissed without an evidentiary hearing. Robinson's appeal claims that the lower court erred in denying relief on his claim for ineffective assistance of counsel. Alternatively, Robinson contends that, at a bare minimum, he was entitled to an evidentiary hearing at which he would be afforded the opportunity to present evidence to establish his claims relating to his ineffective representation. We find no error in the lower court's ruling and, for that reason, affirm the decision.

*735 I.

History
¶ 2. Robinson was indicted in three separate proceedings: one for capital murder, one for aggravated assault, and one for shooting into an occupied dwelling. Because the murder charge carried the possibility of the death penalty, Robinson was represented by two attorneys. After the initial stages of trial preparation were underway, Robinson agreed to offer a plea of guilty in all three pending cases on the condition that the State would reduce the homicide indictment to simple murder; thereby ending his exposure to a possible death sentence. Robinson, as a part of the plea proceedings, executed a lengthy written instrument that went into extensive detail regarding the consequences of entering a guilty plea, outlining the nature of the charges and the possible punishment as to each charge, and conceding his culpability in the factual circumstances giving rise to the charges. The trial court accepted the guilty pleas and sentenced Robinson according to the recommendations made by the State as previously agreed to by Robinson.

II.

The Issues on Appeal
¶ 3. Robinson claims that he was ineffectively represented by his appointed counsel because they did not pursue complete discovery of the State's evidence to conclusion in order to better evaluate the strength of the State's case before recommending that he plead guilty. He further complains that he had a number of witnesses, each one of whom he identifies by name in his brief, who were available to testify at trial in a manner that would have demonstrated his innocence of the charges. Robinson also claims that defense counsel failed to follow through on motions seeking to exclude evidence derived from an allegedly impermissibly suggestive lineup and to suppress an incriminating statement obtained from him by investigating officers. He claims that had these endeavors been pursued they would have been successful and would have denied the State the ability to present an effective case demonstrating his guilt.
¶ 4. Finally, as we have previously noted, Robinson contends that he at least should have been afforded an evidentiary hearing at which he would have been afforded the opportunity to present evidence in support of the allegations of his motion.
¶ 5. Based on the state of the record in this case, the issues going to the merits of Robinson's ineffective counsel claim and his claim of being wrongfully denied an evidentiary hearing are so intertwined that we will discuss them together.

III.

Discussion
¶ 6. Our analysis begins with the proposition that there is a strong presumption that Robinson's attorneys performed within acceptable professional norms in their representation. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). In order to overcome that presumption, Robinson is obligated to show (a) that his attorneys' efforts in his behalf in some way fell below reasonably acceptable levels of professional conduct, and (b) that, but for that deficient representation, the outcome of the case would have been more favorable to Robinson. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 7. In the context of motions for post-conviction relief, it is not enough for the motion to merely make assertions that, if ultimately proven to be true, would entitle the movant to relief under prevailing law. *736 Rather, the statute setting out the requirements for such a motion require the movant to outline in a sworn statement those "specific facts" within his personal knowledge that support his claim to relief. Miss.Code Ann. § 99-39-9(1)(d) (Supp. 2001); Ford v. State, 708 So.2d 73, 76 (¶ 15) (Miss.1998). Additionally, the movant must provide specifics as to facts not within his personal knowledge and demonstrate, by third-party affidavits or other appropriate means, the manner in which the movant intends to prove those facts. Miss.Code Ann. § 99-39-9(1)(e) (Supp. 2001); Ford, 708 So.2d at 77 (¶ 18). The requirement of demonstrating the availability of evidence to support the claim for relief can only be excused on a showing of good cause as to why supporting affidavits and documents could not be obtained. Miss.Code Ann. § 99-39-9(1)(e) (Supp. 2001).
¶ 8. The procedure for handling a post-conviction relief motion calls for the trial court to undertake an initial screening of the motion, along with any supporting documentation in the record relating to the judgment under attack. Miss.Code Ann. § 99-39-11(1) (Rev.2000). At that point, the court may dismiss the motion if it is satisfied that "it plainly appears" from the record that the movant is not entitled to relief. Miss.Code Ann. § 99-39-11(2) (Rev.2000); Hill v. State, 797 So.2d 1006, 1008 (¶ 5) (Miss.Ct.App.2001).
¶ 9. In the case now before us, Robinson's motion does not state what evidence he has to suggest that completion of discovery would have uncovered fatal weaknesses in the prosecution's case against him, nor does he provide any facts relating to the lineup that would lead one to believe that there was even the remotest possibility that it was somehow constructed so as to be impermissibly suggestive. Neither does Robinson provide any factual support for his broad assertion that his apparently-incriminating statement was somehow coerced and would have been excluded if his attorneys had only expended a reasonable measure of professional effort on his behalf. He lists a number of potential witnesses but fails to set out any factual details concerning what the nature of their testimony would have been or to support such factual details with affidavits from the potential witnesses. As to claims based on evidence to be provided by third parties, it is clear that Robinson's motion is woefully deficient to meet the fundamental requirements of Section 99-39-9(1)(e). The court did not err in finding the motion without merit without the necessity of an evidentiary hearing. Gazzier v. State, 744 So.2d 776, 778-79 (¶ 6) (Miss.1999).
¶ 10. As to claims supported by Robinson's own assertion of facts alleged to be within his knowledge, we conclude that the alleged deficiencies in defense counsels' advice to Robinson concerning his guilty plea are substantially contradicted by Robinson's own written petition to enter a guilty plea filed as a part of the plea acceptance proceedings. The Mississippi Supreme Court has said that the court is not obligated to give credence to assertions supported solely by the movant when those assertions are significantly belied by other competent information found in the record. Ford v. State, 708 So.2d 73, 76 (¶ 17) (Miss.1998). We find that rule to have application to this case and, therefore, conclude that the lower court did not err in denying Robinson the opportunity to attempt to contradict his own previous representations to the court made under oath.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY DENYING POST-CONVICTION *737 RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO HINDS COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.