841 So.2d 207 (2003)
Lonnie DONNELLY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00496-COA.
Court of Appeals of Mississippi.
April 1, 2003.
*209 Lonnie Donnelly, pro se appellant.
Office of the Attorney General by Jean Smith Vaughan, for appellee.
Before McMILLIN, C.J., BRIDGES AND GRIFFIS, JJ.
McMILLIN, C.J., FOR THE COURT:
¶ 1. Lonnie Donnelly has appealed pro se from an order of the Circuit Court of Grenada County denying his motion for post-conviction relief without a hearing. In his motion before the circuit court, Donnelly sought to attack a previous plea of guilty to two counts of armed robbery. He alleged that (a) the two counts of robbery were based on a single event causing him to be punished twice for the same offense, (b) the trial court failed to inform him of the mandatory minimum sentence for the crime of robbery, casting into doubt the informed nature of his plea, (c) he received ineffective assistance of counsel when he was incorrectly advised that, if he pled guilty and accepted a recommendation of a twenty year sentence, he would be eligible for release after serving eighty-five percent of the sentence. The trial court denied Donnelly's motion without a hearing based on the conclusion that the motion was without merit on its face. We agree and affirm.

I.

Facts
¶ 2. Donnelly was originally indicted on three separate counts; one for conspiracy to commit armed robbery, one for armed robbery, and one for capital murder in the commission of an armed robbery. As a part of a plea agreement, the conspiracy charge was dropped. Donnelly pled guilty to the armed robbery count. The capital murder count was reduced to the underlying felony of armed robbery. Donnelly pled guilty to that modified count, also. The trial court accepted the prosecution's recommendation and Donnelly was sentenced to serve twenty years on each armed robbery count, with the sentences to run concurrently.

II.

Issues On Appeal
¶ 3. In this appeal, Donnelly urges that the trial court erred by failing to conduct an evidentiary hearing that would have allowed him to present proof of the assertions in his motion. However, the underlying assertions in Donnelly's appellate brief supporting his claim of entitlement to a hearing do not correspond precisely with those in his motion before the circuit court. Based on a lenient reading of Donnelly's brief, we conclude that the issues appear to be (a) a renewal of the claim that he was incorrectly informed that he could be eligible *210 for early release after serving eighty-five percent of his sentence, (b) that he thought he was only being required to plead to one count of robbery rather than two, (c) that he was deceived or improperly induced by defense counsel to enter his plea, and (d) that new evidence tending to demonstrate his innocence has been discovered since his original motion for post-conviction relief was filed.
¶ 4. We begin our analysis of the issues presented in this appeal by noting the applicable standard of review. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). We further observe the well-established principle that our duty is to determine whether reversible error occurred at the trial level and that, as a result, we generally do not consider matters that are attempted to be raised for the first time on appeal. Crenshaw v. State, 520 So.2d 131, 134-35 (Miss.1988).

III.

Ineffective Assistance of Counsel
¶ 5. Donnelly asserted in his motion that his attorney informed him that he would be eligible to participate in the earned time release program under which he had the prospect, based on his good behavior, of being released after serving eighty-five percent of his sentence of twenty years. However, Section 47-5-139(1)(e) prohibits a prisoner sentenced for armed robbery from participation in the earned time program if he "has not served the mandatory time required for parole eligibility...." Miss.Code Ann. § 47-5-139(1)(e) (Rev.2000). Under prior provisions of a separate statute governing parole eligibility, this provision had the effect of denying an armed robber an opportunity to participate in the earned time release program until he had served at least ten years of his sentence. Miss.Code Ann. § 47-7-3(1)(d)(i); Cooper v. State, 439 So.2d 1277, 1278 (Miss.1983). However, a subsequent addition to the parole eligibility statute that was in effect at all times relevant to this case provided that an armed robber would never be eligible for parole. Miss.Code Ann. § 47-7-3(1)(d)(ii). What effect this subsequent amendment to Section 47-7-3 has on an affected prisoner's eligibility to ever participate in the earned time release program has not been answered in any subsequent decisions by the Mississippi Supreme Court or this Court. Certainly, the "worst case" interpretation for Donnelly would be that the Legislature, intending to make the penalties for armed robbery more severe by depriving such a convict of any possibility for parole, fully intended to also permanently deprive him of any prospect of obtaining an early release based on earned time credits. Whether or not this is a correct interpretation of the Legislature's intentions is not the issue in the case now before us. Donnelly and the State both proceed on the assumption that Donnelly will, during the entire term of his confinement, remain ineligible for participation in the earned time early release program. The issue we face, rather, is whether defense counsel's advice offered prior to the plea hearing that Donnelly could work toward early release under the earned time program from the commencement of his sentence served to make his subsequent plea invalid.
¶ 6. Plainly, whether Donnelly is permanently barred from the earned time release program or is ineligible only for the first ten years of his sentence, defense *211 counsel's original advice was incorrect. This Court has said that a plea based on a defendant's incorrect understanding of his eligibility for the earned time release program is not intelligently and knowingly made. Hall v. State, 800 So.2d 1202, 1206 (¶ 12) (Miss.Ct.App.2001).
¶ 7. However, case law further demonstrates that, even in the situation where defense counsel has offered erroneous advice on matters of this sort, if the defendant's resulting misconception is subsequently corrected by the trial court in the course of exploring the voluntariness of the defendant's plea, then any harm arising from defense counsel's misapprehension of the law is effectively counteracted and can no longer form the basis for post-conviction relief. Roland v. State, 666 So.2d 747, 750 (Miss.1995).
¶ 8. Our review of the plea hearing reveals that the circuit court explored in some depth the matter of Donnelly's right to participate in the earned time early release program and, in plain language, informed him that he should be prepared to serve his sentence "day for day" without any prospect of early release. It was during the course of discussion that defense counsel's earlier incorrect advice came to light. This revelation appears to have been the impetus for a careful inquiry by the trial court, at the conclusion of which the court extracted from Donnelly an affirmative statement that he was entering a plea on the assumption that he was ineligible to participate in the earned release program. After affirming his understanding that he would have to serve the entire twenty year sentence, there was further discussion as to whether, in light of that information, he still desired to enter a plea of guilty. Donnelly responded affirmatively and there is nothing in the record to suggest that he was coerced, rushed, or pressured to so decide. A claim of ineffective assistance of counsel, in order to entitle the defendant to relief, requires both a showing of deficient performance and a showing that, but for the deficient performance, a different result would likely have resulted. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because defense counsel's incorrect advice was discovered and corrected before Donnelly entered his plea, his claim fails to satisfy the second prong of the test.
¶ 9. The circuit court may properly deny a hearing where, upon review of the existing record including the plea hearing transcript, it is plain on the face of the motion that no relief is proper. Miss.Code Ann. § 99-39-11(2) (Rev.2000); Mosley v. State, 749 So.2d 286, 288 (¶ 11) (Miss.Ct.App. 1999). There was no error in denying Donnelly relief on this claim without the necessity of a hearing.

IV.

Plea to Two Counts
¶ 10. Nowhere in the record at the circuit court level is there any indication that Donnelly asserted, or offered any evidence in support of, a contention that he was somehow misled or coerced into pleading to two separate counts when he had understood that he was only pleading to one count of armed robbery. This is not the same issue asserted in his motion before the circuit court, in which he seemed to contend that the two robberies were so close in time as to constitute a single occurrence and, thus, only one crime. The issue as framed in Donnelly's brief is one brought for the first time on appeal and is, for that reason, procedurally barred. Crenshaw v. State, 520 So.2d 131, 134-35 (Miss.1988).

*212 V.

Coercion in Entering Plea
¶ 11. Also for the first time on appeal, Donnelly appears to assert that defense counsel somehow coerced him into going ahead with his plea of guilty after counsel's erroneous advice about the earned release program was discovered. It would seem that this allegation, in the nature of a claim of ineffective assistance of counsel, is procedurally barred by virtue of not having been asserted in the proceeding before the circuit court. Crenshaw, 520 So.2d at 134-35. Nevertheless, under the broad umbrella of Donnelly's general claim of ineffective assistance of counsel asserted at the trial level and because Donnelly is proceeding pro se, we have elected to consider this assertion on the merits. Evans v. State, 725 So.2d 613, 678 (Miss.1997).
¶ 12. The movant has the obligation to assert specific facts that would show entitlement to relief and then, either through his own oath, by supporting affidavits, or other satisfactory means, demonstrate the existence of proof that, if found credible, would support the movant's theory. Robinson v. State, 809 So.2d 734, 736(¶ 7) (Miss.Ct.App.2002). If such a showing is not satisfactorily made in the motion, the trial court may deny relief without the necessity of a hearing. Miss. Code Ann. § 99-39-11(2) (Rev.2000); Mosley v. State, 749 So.2d 286, 288 (¶ 11) (Miss.Ct.App.1999). Case law has also established the principle that, if the sole source of evidence in support of the particular aspect of the motion consists of the movant's own sworn declaration, the court may still deny a hearing if the assertions are effectively contradicted by other available evidence, including the transcript of proceedings during the original trial. State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000).
¶ 13. In this case, we have reviewed the transcript of the plea hearing as to what transpired during the discussion of the availability of the "eighty-five percent rule." After counsel's previous error was discovered, the only additional discussion between Donnelly and his counsel consisted of a brief conversation on the record to the effect that counsel believed that, in view of the fact that Donnelly had been indicted on a capital offense, the plea agreement still represented a favorable resolution of the case to Donnelly. That does not appear to this Court to be an unreasonable characterization of the situation insofar as Donnelly was concerned and such an assertion does not, in our view, suggest any improper coercion, threat, or bad faith advice offered for the sole purpose of deceiving Donnelly into accepting a deal that was not in his best interest. We do not think the circuit court erred in denying relief on this claim.

VI.

Newly Discovered Evidence
¶ 14. Donnelly has attached to his brief before this Court a collection of letters and statements from his co-defendants that he claims plainly demonstrates his innocence. He contends that these writings were not made available to him until after he had pled guilty and been sentenced and, in fact, were not received by him until after he had filed his post-conviction relief motion in the circuit court.
¶ 15. Plainly, this is a new matter attempted to be brought for the first time on appeal and, as such, we are procedurally barred from considering it. Crenshaw, 520 So.2d at 134-35.
¶ 16. Nevertheless, a contention that new evidence having a substantial likelihood of changing the outcome of the trial has been discovered is a claim excepted from both the three year statute of limitations bar and the successive filings bar. *213 Miss.Code Ann. §§ 99-39-5(2) and 99-39-23(6) (Rev.2000). Thus, our refusal to reach the merits of this claim must necessarily be without prejudice as to Donnelly's right to bring the claim in a subsequent motion. In so holding, we do nothing to suggest that the writings relied upon by Donnelly even begin to approach the high threshold necessary to set aside a guilty verdict, nor do we offer a view as to the propriety of permitting a defendant to impeach his own testimony offered at the plea hearing admitting his involvement in the crime in this manner. Those and similar questions will simply have to be reserved for another day.

VII.

Conclusion
¶ 17. In conclusion, we note for the record that Donnelly did not pursue two claims asserted at the circuit court level in this appeal; namely, (a) that the two robbery charges arose out of a single episode and, thus, constituted a single crime, and (b) that the circuit court failed to advise him of the minimum mandatory sentence in the event he pled guilty to armed robbery. We treat those issues as having been abandoned and will not address them on the merits. Sumrall v. State, 758 So.2d 1091, 1094(¶ 6) (Miss.Ct.App.2000).
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.