CHANDLER, J.,
for the Court.
¶ 1. Linda Jean Smith appeals from an order denying a petition to expunge her criminal record. After a hearing on the matter, the court entered an order denying Smith’s petition on June 24, 2002. Feeling aggrieved, Smith appeals and cites the following errors:
I. THE TRIAL COURT ERRED IN DENYING THE APPELLANT’S PETITION TO EXPUNGE RECORD ON THE BASIS THAT THE COURT DID NOT HAVE JURISDICTION TO EXPUNGE SAID RECORD.
II. THE TRIAL COURT ERRED IN DENYING THE APPELLANT’S PETITION TO EXPUNGE RECORD ON GROUNDS THAT THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE , OF COUNSEL BECAUSE HER ATTORNEY FAILED TO REQUEST NON-ADJUDICATION AT THE TIME OF HER GUILTY PLEA.
¶2. Finding no merit in Smith’s assertions, we affirm the ruling of the trial court.
FACTS
¶ 3. On February 14, 1996, Smith was charged in an indictment with the offense of uttering a forgery for attempting to pass a stolen eighty-five dollar check. Smith had no prior criminal record. On September 23,1996, Smith entered a guilty plea and was sentenced to three years in the Mississippi Department of Corrections, suspended, two years’ probation, and a two hundred dollar fíne. Smith filed a petition to expunge this record on May 24, 2002, pursuant to Mississippi Code Annotated Section 99-15-57(1) (Supp.2003). In response, the State argued the trial court lacked jurisdiction to change the sentence.
¶ 4. The trial court entered an order denying the petition to expunge on the basis the court lacked jurisdiction.
¶ 5. The circuit court has the power to expunge criminal records that result from a guilty plea if certain conditions are met. One of those conditions is if a defendant pleads guilty under section 99-15-26, but the guilty plea is not accepted by the judge. Instead, the defendant is placed on probation with certain conditions that must be fulfilled before he may petition for ex-pungement of the record. If the defendant fails to complete the conditions of the probation, he is adjudicated guilty and the judge imposes a sentence according to the crime committed.
¶ 6. Mississippi Code Annotated Section 99-15-26 (Supp.2003), provides:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. In all misdemeanor criminal cases, other than crimes against the person, the justice or municipal court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for *427 release in accordance with this section. A person shall not be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41-29-139(a)(1), Mississippi Code of 1972, except for a charge under said, provision when the controlled substance'involved is one (1) ounce or less of marihuana;
(b)with an offense pertaining to the possession of one (1) kilogram or more of marihuana as provided in Section 41-29-139(c)(2)(D), Mississippi Code of 1972; or (c) with an offense under the Mississippi Implied Consent Law.
(2)Conditions which the circuit, county, justice or municipal court may impose under subsection (1) of this section shall consist of:
(a) Reasonable restitution to the victim of the crime.
(b) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
(c) Payment of a fine not to exceed the statutory limit.
(d) Successful completion of drug, alcohol, psychological or psychiatric treatment or any combination thereof if the court deems such treatment necessary.
(e) The circuit or county court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed five (5) years. The justice or municipal court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed two (2) years.
(3) When the court has imposed upon the defendant the conditions set out in this section, the court shall release the bail bond, if any.
(4) Upon successful completion of the court-imposed conditions permitted by subsection (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
(5) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
(6) This section shall take effect and be in force from and after March 31, 1983.
I. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S PETITION TO EXPUNGE RECORD ON THE BASIS THAT THE COURT DID NOT HAVE JURISDICTION TO EXPUNGE SAID RECORD?
¶ 7. Smith alleges the trial court had authority to expunge the record pursuant to Mississippi Code Annotated Section 99-15-57 (Supp.2003), which provides:
(1) Any person who pled guilty within six (6) months prior to the effective date of Section 99-15-26, Mississippi Code of 1972, and who would have otherwise been eligible for the relief allowed in such section, may apply to the court in which such person was sentenced for an order to expunge from all official public records all recordation relating to his arrest, indictment, trial, finding of guilty and sentence. If the court determines, after hearing, that such person has satisfactorily served his sentence or period of probation and parole, pled guilty within six (6) months prior to the effective date of Section 99-15-26 and would have otherwise been eligible for the relief allowed in such section, it may enter such *428 order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or indictment. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest, or indictment or trial in response to any inquiry made of him for any purpose.
(2) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
¶ 8. Smith argues that her guilty plea was made within six months of March 31, 1983, the effective date of Section 99 — 15— 26. Smith asserts that any and all pleas occurring on or after October 1, 1982, are within six months of the effective date of Section 99-15-26. Smith’s argument is incorrect. October 1, 1982, is the earliest date that a defendant may satisfy the requirement of section 95-15-57. Caldwell v. State, 564 So.2d 1371, 1372 (Miss.1990). Smith pled guilty to uttering a forgery on September 23, 1996. The window of opportunity had closed for Smith when she entered her plea.
¶ 9. The court lacked jurisdiction to expunge Smith’s criminal record because the trial court did not withhold acceptance of her guilty plea when Smith pled on September 23, 1996. Smith did not receive a non-adjudication of guilt from the trial court. Instead, the trial court sentenced Smith to regular probation. Because Smith was not sentenced pursuant to Section 99-15-26, her argument is without merit.
II. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S PETITION TO EXPUNGE RECORD ON GROUNDS THAT THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HER ATTORNEY FAILED TO REQUEST NON-ADJUDICATION AT THE TIME OF HER GUILTY PLEA?
¶ 10. Smith asserts that she received ineffective assistance of counsel because the attorney failed to move for non-adjudication of the guilty plea. In order to prove a claim of ineffective assistance of counsel, the defendant must make a showing of deficient performance by counsel and prove that, but for the deficient performance, a different result would likely have occurred. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Donnelly v. State, 841 So.2d 207, 211(¶ 8) (Miss.Ct.App.2003).
¶ 11. On review, we look with deference to see whether counsel’s efforts were effective based on the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Ineffective assistance of counsel claims carry a presumption that trial counsel’s conduct is within a wide range of reasonable conduct and decisions made by counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 12. Smith must overcome the presumption to prove her claim. The strategy of Smith’s attorney was to avoid incarceration. Smith’s attorney negotiated a plea bargain for Smith and she received a suspended sentence, a monetary fine and probation. There is no evidence that a sentence pursuant to the non-adjudication laws of our State was a condition to which the prosecution would have agreed or the trial judge would have accepted. The court could have imposed nine hundred sixty hours or one hundred twenty-eight days of public service if Smith had requested non-adjudication of her sentence. The record indicates Smith chose to avoid *429 the risk of such a sentence and sought regular probation instead.
¶ 13. Therefore, Smith’s claim of ineffective assistance of counsel is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ, CONCUR. IRVING, J., CONCURS IN RESULT ONLY.