KING, C.J.,
for the Court.
¶ 1. Billy Dale Hill pled guilty to one count of murder and one count of forcible rape on October 24, 1977, and received two consecutive life sentences for his crimes. After being denied post-conviction relief by the Calhoun County Circuit Court on August 9, 1999, Hill appealed to this Court. Hill v. State, 797 So.2d 1006 (Miss.Ct.App.2001). We held that Hill’s post-conviction relief claim of improper sentencing was time barred, as well as being barred as a successive petition. Id. at 1007(¶ 1). We find that Hill’s post-conviction relief claims are procedurally barred. Affirmed.
ISSUES AND ANALYSIS
I.
Hill’s claims for post-conviction relief are barred by the statute of limitations.
¶ 2. Hill’s claims were, and remain, procedurally barred by the statute of limitations. All claims brought for post-conviction relief shall be brought within three years of the judgment of conviction in cases of a guilty plea. Miss.Code Ann. § 99-39-5 (Supp.2004). Hill pled guilty to the crimes of forcible rape and murder, and was sentenced by the Calhoun County Circuit Court on October 24, 1977. At the time of Hill’s conviction, there was no post-conviction relief statute in place. The post-conviction relief statute was not enacted until April 17, 1984. Odom v. State, 483 So.2d 343, 344 (Miss.1986). Any defendant who sought post-conviction relief based on crimes committed before the statute’s enactment, had to file their petitions within three years, which was April 17, 1987. Id. Since Hill did not file his claim for post-conviction relief by this time, and no applicable exceptions apply, Hill’s claim was properly dismissed by the Calhoun County Circuit Court.
II.
Hill’s claims are barred as a successive writ
¶ 3. Dismissal or denial of an application for post-conviction relief is a final *295 judgment, and shall be a bar to a second or successive application. Miss.Code Ann. § 99-39-27(6) (Supp.2004). This appeal is Hill’s second appeal to this Court. In his first appeal, we affirmed the decision of the Calhoun County Circuit Court was affirmed. Hill, 797 at 1007(¶ 1). Instead of appealing that decision, Hill filed another post-conviction relief claim before the Calhoun County Circuit Court, hence this appeal. Since none of the applicable exceptions under the statute apply, . Hill’s claims are barred as a successive writ.
CONCLUSION
¶ 4. None of the applicable exceptions apply to Hill under either Mississippi Code Annotated § 99-39-5 or § 99-39-27(9). Therefore, Hill’s post-conviction relief claims were properly dismissed by the Calhoun County Circuit Court.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.