# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00152-COA

**MICHELE EDWARD FROST A/K/A MICHAEL EDWARD FROST**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:           01/22/2021
TRIAL JUDGE:                HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:  HARRISON COUNTY CIRCUIT COURT,
                            FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:     JIM L. DAVIS III
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: ALEXANDRA LEBRON
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                AFFIRMED - 05/24/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Michele Edward Frost a/k/a Michael Edward Frost appeals from the Harrison County

Circuit Court's denial of his petition for expungement.  After a review of the record, we

affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Frost was indicted in August 1995 by a Harrison County grand jury on charges of

embezzlement in violation of Mississippi Code Annotated section 97-23-19 (Rev. 1994).  In

May 1996, he pled guilty to one count of embezzlement in the Harrison County Circuit

Court.  Frost was sentenced to serve five years in the custody of the Mississippi Department

of Corrections; the court suspended all five years and placed Frost on five years of probation. He was also required to pay court costs and, along with his co-defendants, $11,291 in restitution.

¶3.     At the time of sentencing and in the probation order, the circuit court retained jurisdiction of the case. However, the circuit court did not withhold acceptance of Frost's guilty plea. The notice of criminal disposition did not indicate that his sentence was provisional or that it was a non-adjudication. The disposition specifically noted that Frost's conviction was the result of a guilty plea.

¶4.     After paying the restitution, Frost was released from probation early. On November 5, 2020, before a new judge and with the assistance of a new attorney, Frost filed a petition requesting that the circuit court (1) reconsider his adjudication of guilty, (2) grant him non-adjudication, (3) dismiss the embezzlement charges, and (4) expunge his record. The petition was denied. The circuit court ruled that it lacked jurisdiction, holding that "under the current law a sentencing court retaining jurisdiction at the time of the sentence is not enough to allow a court to potentially set aside an adjudication of guilt at a later date." Frost appeals.

## STANDARD OF REVIEW

¶5.     "Expungement is statutory in nature"; thus, we employ a de novo standard of review. *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015).

## DISCUSSION

I.      **Whether the trial court retained jurisdiction pursuant to Mississippi Code Annotated section 99-15-26 (Rev. 1994).**

¶6.     Circuit courts do not have the inherent power to expunge criminal records, but they can do so if statutorily authorized. *Caldwell v. State*, 564 So. 2d 1371, 1373 (Miss. 1990). Frost admits that his embezzlement conviction is ineligible for expungement under Mississippi Code Annotated section 99-19-71(2)(a)(x) (Rev. 2020), and he crafts an alternate route in an effort to gain relief. In May 1996, Mississippi Code Annotated section 99-15-26(1) (Rev. 1994) provided that "upon the entry of a plea of guilty by a criminal defendant, [a circuit court can] withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court . . . ."

¶7.     Paramount to the application of section 99-15-26(1) is the fact that a trial court can withhold acceptance of a guilty plea and the sentencing of a criminal defendant. In this instance, Frost's guilty plea was accepted, he was adjudicated guilty, and he was sentenced. Similar circumstances were present in *Smith v. State*, 869 So. 2d 425 (Miss. Ct. App. 2004). Smith pled guilty, was sentenced to three years (suspended) and two years of probation, and ordered to pay a $200 fine. *Id.* at 426 (¶3). Smith's petition for expungement was denied because the circuit court lacked jurisdiction at the time. *Id.* at 426 (¶4). On appeal, we held:

> The court lacked jurisdiction to expunge Smith's criminal record because the trial court did not withhold acceptance of her guilty plea . . . . Smith did not receive a non-adjudication of guilt from the trial court. Instead, the trial court sentenced Smith to regular probation. Because Smith was not sentenced pursuant to Section 99-15-26, her argument is without merit.

*Id.* at 428 (¶9); *accord Wallace v. State*, 607 So. 2d 1184, 1187 (Miss. 1992) (holding that in section 99-15-26 proceedings, no guilty plea is accepted, and no sentence is imposed).

3

¶8. We find that *Smith* is controlling. To the extent the trial court retained jurisdiction at all, it was only for the purpose of supervising Frost's probation. *See Brown v. State*, 872 So. 2d 96, 99 (¶13) (Miss. Ct. App. 2004) (holding that "[a]lthough Brown served the portion of his sentence which was not suspended, he was not released from the jurisdiction of the Benton County Circuit Court until the period of suspension expired"); *see also* Miss. Code Ann. § 47-7-37 (Supp. 2018). As Frost admits, the probation order does not grant him a non-adjudication. And the notice of criminal disposition shows a clearly marked box next to "Suspended Sentence/Probation" and "Guilty Plea" and an unmarked box next to "Non-Adjudication."

¶9. Additionally, "[l]ongstanding authority holds '[o]nce a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment,' in the absence of a statute authorizing modification of a sentence." *Ducote v. State*, 970 So. 2d 1309, 1313 (¶7) (Miss. Ct. App. 2007) (quoting *Presley v. State*, 792 So. 2d 950, 954 (¶18) (Miss. 2001)). Frost pled guilty in May 1996. It cannot be disputed that the term during which Frost pled guilty and was sentenced had ended long before his petition to reconsider/for expungement was filed in November 2020. Frost's criminal case was terminated, at the latest, on April 6, 1999, when he was discharged from probation. Frost attempts to distinguish *Mississippi Commission on Judicial Performance v. Russell*, 691 So. 2d 929 (Miss. 1997), which the circuit court relied on when denying his petition. While he is correct that the facts of *Russell* differ from those here, the Supreme Court's ruling "that

4

circuit court judges have [no] inherent authority to modify sentences after the end of the term of court during which the sentence [was] given[,]" still applies and the circuit court did not err in so holding. *Id.* at 944.

## II. Whether, pursuant to *Sallie v. State,* this Court may grant the circuit court jurisdiction to non-adjudicate Frost's conviction.

¶10. Frost relies on *Sallie v. State*, 237 So. 3d 749 (Miss. 2018), in support of his argument that this Court has the ability to grant the circuit court jurisdiction to review the adjudication of his conviction. But the Mississippi Supreme Court's holding in *Sallie* and the federal cases cited in *Sallie* are distinguishable from Frost's situation. In *Sallie*, the Supreme Court held "that when an original sentence has been vacated for illegality, a subsequent sentencing court has discretionary authority over the new sentence." *Id.* at 754 (¶¶19-21). Frost never appealed his sentence based on alleged illegality (or for any other reason), and he served it to completion. Unlike Sallie's case, Frost's case was not remanded for re-sentencing, and no grounds exist that would allow us to do so now. This issue is without merit.

## III. Whether special circumstances exist that would allow this Court to grant the circuit court jurisdiction to non-adjudicate Frost's conviction.

¶11. As an alternative to the theories discussed above, Frost suggests that special circumstances exist that would allow us to confer jurisdiction on the circuit court so that the adjudication of his sentence can be reconsidered. He lists several potential grounds in support of his argument: (1) the original trial judge had "legal problems"; (2) his original attorney had health problems; (3) he exhibits clear rehabilitation and exemplary character;

5

and (4) some of his co-defendants obtained non-adjudication when they pled, and their records have been expunged. Frost includes no argument or legal authority in support of this theory. Mississippi Rule of Appellate Procedure 28(a)(7) requires that the argument section of an appellant's brief "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." This Court has consistently held that "[f]ailure to cite any authority is a procedural bar, and [we are] under no obligation to consider the assignment." *Taylor v. Kennedy*, 914 So. 2d 1260, 1262 (¶4) (Miss. Ct. App. 2005) (citations omitted). This issue is waived and lacks merit.

## CONCLUSION

¶12.    The trial court accepted Frost's guilty plea and did not retain jurisdiction pursuant to section 99-15-26. We find that *Sallie* is inapplicable in this instance because Frost never challenged the legality of his sentence. There are no special circumstances present that would allow us to confer jurisdiction on the circuit court. We accordingly affirm the ruling of the circuit court, which properly denied Frost's petition for reconsideration and expungement.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. WILSON, P.J., AND EMFINGER, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**