845 So.2d 744 (2003)
Janice STEWART, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01485-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*745 Janice Stewart (pro se), attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, IRVING and GRIFFIS, JJ.
IRVING, J., for the court.
¶ 1. Janice Stewart pleaded guilty to charges of capital rape and child pornography in the Circuit Court of Itawamba County. She later filed a motion for post-conviction relief which was denied by the circuit court.
¶ 2. Stewart, acting pro se, has perfected this appeal in which she fails to state any issues, or even generally suggest, the errors that the trial judge allegedly committed. However, in the summary of her argument, she complains primarily of not being informed, prior to her pleading guilty, that she would not be eligible for parole or meritorious time, and in her conclusion, she requests that she be allowed meritorious time, a reduction in her sentence, or a modification of her sentence to have the sentences run concurrently with, not consecutive to, her federal sentence.
¶ 3. We have considered Stewart's arguments and assertions but find no basis for *746 reversing the trial court. Consequently, we affirm the trial court's judgment.

FACTS
¶ 4. Following Stewart's plea of guilty, the trial judge sentenced her on the rape and child pornography charges to thirty and twenty years, respectively, in the custody of the Mississippi Department of Corrections. However, twenty of the thirty years for the rape charge and ten of the twenty years for the child pornography charge were suspended, and the sentences were run concurrently but consecutively to a federal sentence that she received.
¶ 5. In her PCR motion, Stewart did not specifically allege ineffective assistance of counsel. However, she alleged facts which would support such an allegation. She alleged that her attorney did not advise her that she, as a sex offender, would be ineligible for parole, earned time, or meritorious time. She also alleged that her attorney did not present mitigating evidence at the sentencing hearing and that she should have been appointed two attorneys since she was charged with a capital crime. Lastly, Stewart asked that her sentence be run concurrently with her federal sentence.
¶ 6. In dismissing Stewart's PCR motion, the trial judge found that Stewart did not argue the voluntary, knowing, or intelligent nature of her guilty pleas. The trial judge also found that there was no requirement that he appoint two attorneys for a capital rape defendant. The trial judge further found that he did not have the authority to reduce or modify Stewart's sentence, as the sentence was a lawfully imposed sentence that Stewart has already begun serving. Finally, the trial judge concluded that Stewart's ineffective assistance of counsel claim was without merit based on her statements at her plea hearing. At the plea hearing, Stewart, upon inquiry by the trial court, stated that she was content with her legal representation and felt that her appointed attorney had adequately represented her interests.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. Stewart contends that she was not advised by the trial court or her trial attorney that she, as a sex offender, would be ineligible for parole, earned time, and meritorious time and that, because she was unaware of her ineligibility, she should be allowed consideration for these privileges. She also contends that her trial attorney told her family in January 1999 that she would only have to serve two or three more years.
¶ 8. However, Stewart does not contend that her plea was involuntary or that her trial attorney ever told her anything about parole, earned time or meritorious time, nor does she contend that the statement, allegedly made to her family, was ever made to her. Further, she does not contend that her attorney's alleged representation to her family induced her to plead guilty. In fact, she does not even allege that the statement was made prior to her entering her guilty plea. Based on the phraseology used, it seems more likely that the statement, if made at all, was made sometime after Stewart had begun serving her time. Moreover, Stewart does not allege in her PCR motion, as she does in her appellate brief, that her trial attorney made the statement regarding how much time she would have to serve. Consequently, this issue is procedurally barred since it is being raised for the first time on appeal. Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). Notwithstanding the procedural bar, we discuss it briefly.
¶ 9. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss. *747 1991). "A plea is voluntary and intelligent only where the defendant is advised concerning the nature and consequences of the plea." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). "Specifically, the defendant must be told that a guilty plea involves a waiver to the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Id. The trial judge should inquire and determine that the accused understands the maximum and minimum penalties to which he may be sentenced. Id.
It will not be suggested by anybody that, before accepting a plea of guilty to an offense with respect to which parole is a possibility the judge must determine whether the defendant understands the nature of parole, his eligibility therefor, and the circumstances in which it may thereafter be granted. The reason is, of course, that eligibility for parole is not a "consequence" of a plea of guilty, but a matter of legislative grace. It is equally true that non-eligibility for parole is not a consequence of a plea of guilty.
Ware v. State, 379 So.2d 904, 907 (Miss. 1980).
¶ 10. Our supreme court has held that a defendant who alleges that his plea is not voluntary because of his reliance on his attorney's faulty advice regarding the possibility of parole, is entitled to an evidentiary hearing on the question of voluntariness. Washington v. State, 620 So.2d 966, 967 (Miss.1993). In Washington, the appellant alleged that his attorney led him to believe that he would be eligible for parole in six years and three months when in fact he had to serve a mandatory ten years. Id. at 966. The State in Washington argued that the mandatory ten years to be served was not a "consequence" of which the appellant needed to be informed in order to plead voluntarily. Id. at 970. The supreme court held that the appellant should have been given a chance to present his involuntariness claim at a hearing. Id. Additionally, the supreme court held that the issue was not whether [the appellant] was sufficiently advised on his parole eligibility, but "whether he was apprised of the mandatory sentence without parole consideration." Id.
¶ 11. However, in the case sub judice, Stewart, unlike the defendant in Washington, does not argue that her guilty pleas were involuntary or that she relied on mistaken advice from her attorney regarding parole eligibility, earned or meritorious time. Stewart simply asserts that she was unaware of her ineligibility for parole, earned time, and meritorious time. Being unaware is not synonymous with ill or erroneous advice. A defendant does not possess a constitutional right to full parole information at or before his guilty plea. Ware, 379 So.2d at 907. A trial judge is not required to inform a defendant of the defendant's ineligibility for parole. Id.
¶ 12. At no point within the record does Stewart argue that her guilty pleas were involuntary or unintelligently made. Moreover, at her plea hearing, Stewart responded affirmatively that her guilty pleas were intelligent and voluntary. The trial judge informed Stewart of the constitutional rights that she was waiving, as well as the crimes with which she was charged and the mandatory maximum and minimum sentence she would receive for those crimes. Stewart then admitted that she committed the crimes of capital rape and child pornography.
¶ 13. Furthermore, at the plea hearing when Stewart was questioned about whether she was satisfied with the legal services rendered by her trial attorney and whether she was properly advised before pleading guilty, she responded affirmatively. Stewart presents no affidavits other than her own concerning what advice she did or did not receive from her trial attorney. *748 It would have been an easy matter to get an affidavit from members of her family who were allegedly told by her attorney that she would have to serve only two or three more years.
¶ 14. Since Stewart does not assert that knowledge of her ineligibility regarding parole, earned or meritorious time would have caused her not to plead guilty, this Court cannot find reversible error. Accordingly, the trial court properly dismissed Stewart's PCR motion for lack of merit.
¶ 15. There is no basis for us to address Stewart's request that she be granted a reduction of her state sentences or in the alternative a modification of her sentence to have it run concurrently with her five-year federal sentence. She has not pointed us to any error on the trial court's part in denying the request, and we can find none. "When a person is sentenced to imprisonment on two or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction." Miss.Code Ann. § 99-19-21(1) (Rev.2000). We find no abuse of discretion in Stewart's sentencing. Thus this issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.