[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 914 
¶ 1. Willie James Thomas pled guilty to two counts of sale of cocaine. He filed a motion for post-conviction relief (PCR), arguing (1) that the plea was involuntary because he was misinformed by counsel about his parole eligibility and (2) that he received ineffective assistance due to his counsel's erroneous advice, failure to investigate, and failure to file an appeal from the conviction. The Circuit Court of Adams County summarily dismissed the PCR. Thomas appeals, arguing that he is entitled to an evidentiary hearing at which he will prove the merits of his claims.
 FACTS ¶ 2. Thomas was indicted for two counts of sale of cocaine on July 30, 1996. Thomas pled guilty to both counts at a hearing on December 3, 1996, in the Circuit Court of Adams County. After exploring the voluntariness of Thomas' plea, the circuit court accepted the pleas and sentenced Thomas to serve twelve years on each count of sale of cocaine, to run concurrently and to run concurrently with a prior sentence for armed robbery that had been imposed by the Circuit Court of Adams County in a separate proceeding.
 ¶ 3. Thomas filed a timely PCR attacking the guilty plea. In the PCR, Thomas alleged that, during plea negotiations, his attorney informed him that he would be eligible for parole if he pled guilty to the cocaine sales. He asserted that, contrary to counsel's advice, his prior armed robbery conviction rendered him ineligible for parole. Thomas stated that, if he had known that he was actually ineligible for parole, he would not have entered the guilty plea and would have proceeded to trial. Thomas contended that his reliance on the attorney's erroneous advice rendered his plea involuntary, and that the erroneous advice constituted ineffective assistance of counsel. Thomas further argued that his counsel's performance was ineffective due to failure to investigate the crime and failure to file an appeal from the conviction or to advise Thomas of his right to appeal.
 ¶ 4. Thomas filed an amended PCR that included his own affidavit. In the affidavit, Thomas made the following allegations:
 1. On September 12, 1996, I was indicted by the Grand Jury of Adams County for an Armed Robbery of which I was not guilty.
 2. The attorney who represented me on that charge failed to investigate the case against me and instead, insisted that I enter a guilty plea.
 3. Although I repeatedly asked my attorney to file a motion for discovery he refused to do so. My attorney told me that I should enter a guilty plea and did not need discovery.
 4. My attorney told me that if I entered a guilty plea to the charge of Armed Robbery that I would be eligible for parole. *Page 915 
 5. It was only after I entered the plea and was sentenced that I learned that I was not eligible for parole for that charge. If I had known that I was ineligible for parole, I would not have entered a guilty plea, but would have insisted on a trial.
 6. My attorney did not tell me that I had a right to appeal my conviction. If I had been so informed I would have file [sic] an appeal, because my plea was involuntary and based on incorrect information from my attorney.
 ¶ 5. The circuit court found that, while Thomas' PCR sought relief from the cocaine sales conviction, his arguments were directed at his separate plea and conviction for armed robbery. The court found that Thomas' guilty plea to the cocaine sales was knowingly and voluntarily entered. The court held that Thomas was not entitled to any relief and dismissed the PCR without a hearing.
 STANDARD OF REVIEW ¶ 6. According to Mississippi Code Annotated section99-39-11(2) (Rev. 2000), the lower court may summarily dismiss a PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." The procedural posture of an appeal from the summary dismissal of a PCR is analogous to that of an appeal from the dismissal of a civil action for failure to state a claim. Young v. State, 731 So.2d 1120,1122 (¶ 6) (Miss. 1999). The appellate court must review the record de novo to determine whether the movant has demonstrated a claim that is procedurally alive and that "present[s] a substantial showing of the denial of a state or federal right." Miss. Code Ann. § 99-39-27(5) (Supp. 2003); Young v. State,731 So.2d 1120, 1122 (¶ 9) (Miss. 1999).
 LAW AND ANALYSIS ¶ 7. The basis for the lower court's dismissal of Thomas' PCR was its finding that Thomas' arguments attacked a separate judgment of conviction from the one identified for collateral attack. Mississippi Code Annotated section 99-39-9(1) (Supp. 2003) requires that a movant for post-conviction relief state "[t]he identity of the proceedings in which the prisoner was convicted" and swear to "specific facts" within his personal knowledge. Miss. Code Ann. § 99-39-9(1)(a) and (d) (Supp. 2003). Thomas' PCR clearly identifies his judgment of conviction for two sales of cocaine as that which he intends to collaterally attack. However, Thomas' affidavit addresses the events of a plea of guilty to armed robbery, a conviction that was not embraced by the judgment of conviction for two sales of cocaine.
 ¶ 8. Besides Thomas' affidavit, none of the documents in the record pertain to the armed robbery conviction; the entirety of the record concerns the cocaine sales conviction. Notwithstanding the affidavit, Thomas' amended motion and memorandum of law contain sworn, specific allegations of fact that attack his cocaine sales conviction, as required by Mississippi Code Annotated section 99-39-9(1)(d). The lower court erred by finding that Thomas failed to allege flaws in his cocaine sales conviction because he clearly did so in his motion and memorandum of law. Thus, we proceed to the merits of Thomas' arguments concerning his cocaine sales plea. We observe that we are unable to review the legality of Thomas' armed robbery plea because a post-conviction movant may claim relief against one judgment only. Miss. Code Ann. § 99-39-9(2) (Supp. 2003).
I. Involuntary plea
 ¶ 9. Thomas alleges that his plea was involuntary because it was entered in *Page 916 
response to erroneous advice from his attorney that he was eligible for parole. A guilty plea is binding on a defendant only if it is entered voluntarily and intelligently. Alexander v.State, 605 So.2d 1170, 1172 (Miss. 1992). A plea is considered "voluntary and intelligent" only if the defendant is informed of the nature of the charge against him and the consequences of the plea. Id. Before the trial court may accept a guilty plea, the court must "determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(3). As part of its voluntariness inquiry, the court must determine whether the accused understands the minimum and maximum sentences for the charge. URCCC 8.04(4)(b).
 ¶ 10. Because parole is a matter of legislative grace, parole eligibility or non-eligibility is not considered a "consequence" of a guilty plea. Ware v. State, 379 So.2d 904, 907 (Miss. 1980). Therefore, it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted. Id. However, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation. Fairley v.State, 834 So.3d 704, 706 (¶ 8) (Miss. 2003). In this case, Thomas alleges that he pled guilty to the cocaine sales in reliance on advice from his attorney that he was eligible for parole. Thomas contends he later discovered that, pursuant to Mississippi Code Annotated section 47-7-3(d)(ii) (Supp. 2003), he was not eligible for parole because of his status as a convicted armed robber.
 ¶ 11. A prisoner may be released early on parole if eligible and pursuant to a determination by the State Parole Board. Miss. Code Ann. § 47-7-17 (Rev. 2000). Thomas correctly argues that he was never eligible for parole release from his cocaine sale sentences, but he has misidentified the controlling statutory law. Mississippi Code Annotated section 47-7-3(d)(ii) (Supp. 2003) pertains to convictions for robbery, attempted robbery, or carjacking through the display of a deadly firearm, and to drive-by shooting convictions. The statute indeed forecloses armed robbers convicted after October 1, 1994, from parole eligibility. Thomas argues that, pursuant to this statute, his sentence for armed robbery precluded his eligibility to be paroled from his concurrent sentences for two sales of cocaine.[1] Thomas contends that, but for his service of the overlapping sentence for armed robbery, he would have been eligible for parole release from his cocaine sale sentences.
 ¶ 12. Thomas' ineligibility to be paroled from his cocaine sale sentences actually emanated from a different subsection of the statute. Section 47-7-3(g) (Rev. 2000) provides that "[n]o person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995."[2] Thomas was convicted of two sales of cocaine on December 3, 1996. Therefore, despite Thomas' creative argument under subsection (d)(ii), he was plainly ineligible for parole release from the cocaine sales sentences pursuant to subsection *Page 917 
(g). Any advice by counsel that Thomas would have been eligible for parole if he pled guilty to the cocaine sales was erroneous. If, as Thomas alleges, he pled guilty in response to the erroneous advice, then the guilty plea was involuntary. Hall v.State, 800 So.2d 1202, 1206 (¶ 13) (Miss.Ct.App. 2001).
 ¶ 13. Even if a defendant receives erroneous advice from defense counsel, any misunderstanding created by this advice may be corrected by the court during the voluntariness inquiry.Donnelly v. State, 841 So.2d 207, 211 (¶ 7) (Miss.Ct.App. 2003). We look to the transcript of Thomas' plea hearing to determine whether the alleged misadvice by Thomas' attorney was corrected by the circuit court. The transcript reveals that, while the court informed Thomas of the maximum and minimum sentences and of his eligibility for earned time release, the court never said anything about parole. As the court never discussed parole eligibility with Thomas, the alleged misadvice by counsel went uncorrected. Further, although the docket sheet reflects that Thomas filed a petition to enter a guilty plea, that petition is not in the record. Therefore, we are unable to discern whether or not Thomas was correctly informed about his parole eligibility by the plea petition. See Rodolfich v. State, 858 So.2d 221, 224
(¶¶ 9-11) (Miss.Ct.App. 2003).
 ¶ 14. "Our supreme court has held that a defendant who alleges that his plea is not voluntary because of his reliance on his attorney's faulty advice regarding the possibility of parole, is entitled to an evidentiary hearing on the question of voluntariness." Stewart v. State, 845 So.2d 744, 747 (¶ 10) (Miss.Ct.App. 2003) (citing Washington v. State, 620 So.2d 966,967 (Miss. 1993)). Thomas made exactly these allegations in his PCR motion, and his allegations stand uncontradicted by the record. Therefore, Thomas is entitled to an evidentiary hearing.
II. Ineffective assistance of counsel
 ¶ 15. Thomas claims that he received ineffective assistance of counsel because his attorney misadvised him about parole eligibility, failed to investigate the charges, and failed to advise him of his right to appeal or to file an appeal on his behalf. This Court applies the two-part test from Strickland v.Washington to a claim for reversal of a guilty plea. Harris v.State, 806 So.2d 1127, 1130 (¶ 10) (Miss. 2002) (citingStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984)). Under Strickland, a claimant bears the burden of proof to show (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the claimant.Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). In order to succeed, the claimant must overcome the strong presumption that counsel's performance was reasonable. Id. at 969. The claimant may overcome the presumption by showing that, but for counsel's deficient performance, a different result would have occurred. Id. at 968 (quoting Strickland, 466 U.S. at 694,104 S.Ct. 2052). When determining whether a claimant received ineffective assistance, this Court examines the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990). We address Thomas' claims one at a time.
A. Advice on parole eligibility
 ¶ 16. Thomas alleges that his attorney erroneously told him that he would be eligible for parole if he entered a guilty plea. As discussed above, Thomas was not eligible for parole. Any contrary advice by counsel was wrong and constituted deficient performance. See Donnelly, 841 So.2d at 211 (¶ 8). To show prejudice, Thomas must prove that he would not have *Page 918 
pled guilty but for the incorrect advice. Harris, 806 So.2d at (¶ 11). In his PCR motion, Thomas states that, if he had known he was not eligible for parole, he would have opted for a trial. This contention is grounds for showing prejudice underStrickland unless the record reveals that Thomas received correct advice from some other source. Donnelly,841 So.2d at 211 (¶ 8). The plea hearing transcript and other evidence submitted in this case do not show that Thomas ever received correct information about his parole eligibility. Therefore, Thomas has successfully alleged that he received ineffective assistance of counsel due to his attorney's incorrect advice about parole eligibility. He is entitled to an evidentiary hearing to explore the merits of this claim.
B. Failure to investigate
 ¶ 17. Thomas argues that his attorney deficiently failed to perform an independent investigation of the case and to file for discovery. Thomas contends that his attorney should have interviewed potential witnesses and otherwise investigated the facts and circumstances of the case. Thomas contends that a proper investigation of the case by counsel would have revealed sufficient evidence of Thomas' innocence to imbue Thomas with the confidence to go to trial.
 ¶ 18. Thomas states that there was evidence to be discovered by counsel that would have supported his innocence, but he does not specifically allege what favorable evidence existed and how it would have benefitted his case. Allegations of ineffective assistance of counsel must be made with specificity and detail.Garner v. State, 864 So.2d 1005, 1008 (¶ 13) (Miss.Ct.App. 2004). "[I]n order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." King v. State,503 So.2d 271, 275 (Miss. 1987). Thomas' general allegation that an investigation by counsel would have discovered evidence that would have prompted Thomas to opt for a trial is too nebulous to overcome the presumption that counsel's actions were reasonable. This issue is without merit.
C. Failure to file an appeal or inform Thomas of the right to appeal
 ¶ 19. Thomas next argues that his counsel was ineffective for failure to pursue an appeal from his conviction. This argument is without merit. At the plea hearing, the court fully informed Thomas that a guilty plea would waive his right to appeal from an adverse judgment after a trial. As there is no right of appeal from a conviction entered pursuant to a guilty plea, counsel could not have been ineffective for failing to assist Thomas in filing an appeal from his conviction.
 CONCLUSION ¶ 20. We reverse and remand for an evidentiary hearing consistent with this opinion on the issues of (1) whether or not Thomas' plea was involuntary due to his reliance on incorrect information about his parole eligibility and (2) whether Thomas received ineffective assistance of counsel due to incorrect advice about parole eligibility.
 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY ISREVERSED AND REMANDED FOR AN EVIDENTIARY HEARING ON THE ISSUES OFINVOLUNTARY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL. ALL COSTSOF THIS APPEAL ARE ASSESSED TO THE APPELLANT. *Page 919 
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
[1] The record does not disclose the date of Thomas' armed robbery conviction. Due to Thomas' reliance on § 47-7-3(d)(ii), we assume arguendo that the conviction occurred after October 1, 1994.
[2] Mississippi Code Annotated section 47-7-3(g) was modified in 2002 to provide parole eligibility for some first offenders convicted of nonviolent crimes after January 1, 2000. As Thomas' cocaine sales conviction occurred before January 1, 2000, the amendment is inapplicable to his conviction.