GRIFFIS, P.J.,
for the Court:
¶ 1. Jesus Adilio Rivera Castro appeals the dismissal of his motion for post-conviction collateral relief (PCCR). In this appeal, Castro claims that his guilty plea was involuntary and his counsel’s assistance was ineffective. We find no error and affirm.
FACTS
¶ 2. In July of 2010, Castro and two codefendants were indicted for capital murder and conspiracy to commit armed robbery. Castro is a Spanish speaker and a Salvadorian citizen. One of his two attorneys was “somewhat conversant in Spanish.” Also, a translator was used throughout the plea hearing. Ultimately, Castro entered a plea of guilty to a lesser degree of murder.
¶ 3. During the plea hearing, the circuit court asked Castro, through his translator, if he was completely satisfied with his attorney’s services. Castro replied that he was. Castro admitted that no one had promised him anything to get him to plead guilty. Castro also stated that no one had told him that the court would give him a lighter sentence if he pled guilty. Castro was properly informed of the minimum and maximum sentences that he could receive, and Castro responded that he understood this.
¶ 4. However, Castro disagreed with the evidence that the State was ready to produce at trial. He also did not want to give up his rights by entering a plea of guilty. The circuit court addressed both issues with Castro. Castro then agreed with the evidence and agreed to give up his rights and plead guilty. Thereafter, on October 5, 2011, the circuit court ordered Castro to serve a life sentence.
¶ 5. On December 19, 2013, Castro filed his PCCR motion. He claimed he was confused on what he was agreeing to at the plea hearing because of minimal time to speak with his lawyers through a translator. The motion was dismissed. Castro appeals.
*1219 STANDARD OF REVIEW
¶ 6. This Court reviews the trial court’s dismissal of a PCCR motion under an abuse-of-discretion standard. Strickland v. State, 43 So.3d 1179, 1181 (¶ 10) (Miss. Ct.App.2010). Questions of law are reviewed de novo. Ruff v. State, 910 So.2d 1160, 1161 (¶ 7) (Miss.Ct.App.2005).
DISCUSSION
¶ 7. In this appeal, Castro argues that the trial court erred when it did not give him an evidentiary hearing to prove that his counsel had misinformed him of the consequences of his sentence. “[T]he trial court may summarily dismiss a motion for post-conviction relief ‘if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Burrough v. State, 9 So.3d 368, 371 (¶ 6) (Miss.2009) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2007)). Further, “an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached” to the motion. Mitchener v. State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct.App.2007). Without any evidence to contradict sworn testimony, claims of not understanding the charges and coercion cannot survive dismissal. See id.
However, the fact that there [are] no affidavits does not in and of itself render the motion invalid. The statute states affidavits are required of those witnesses that will testify. Thus, if there are no witnesses to the allegations asserted by the appellant, there is no requirement for supporting affidavits. Rather, the appellant may attest to the facts that he intends to prove through his petition. Thus, a [PCCR motion] is not properly denied based solely on the fact that there are no supporting affidavits.
Ford v. State, 708 So.2d 73, 75 (¶ 11) (Miss.1998). Here, there were no witnesses to testify to Castro’s claims of an involuntary guilty plea and ineffective assistance of counsel.

I. Involuntary Guilty Plea

¶ 8. Castro claims that his attorneys told him that he should not go to trial because he would receive a life sentence without parole. The circuit court appointed Stacey Spriggs and William Travis to Castro’s case. Spriggs claims that he met with Castro four times. Castro claims that Spriggs only met with him at the arraignment and “minutes prior to the plea hearing.” At this meeting prior to the plea hearing, Spriggs presented Castro with the recommended plea agreement. Castro “believed through the description offered through the translator ... that he was agreeing to a 20-year plea to which he would be entitled all good time and would likely serve 6-7 years before release.” He adds, “[S]priggs was very emphatic with [him] that if he was to take his case to trial, [he] would receive a life sentence.”
¶ 9. Attached to the motion was a letter that Spriggs wrote to the Mississippi Bar’s Committee of Professional Responsibility. In the letter, Spriggs discussed the possible confusion concerning Castro’s guilty plea. In the letter, Spriggs stated:
I explained to Mr. Castro that he certainly had some issues in [his] favor, but that ultimately I believed that if he went to trial, he would be found guilty. We discussed his concerns, I told him that [the] only way to POSITIVELY [E] N-SIJRE himself of a chance to get back to El Salvador, would be to take the recommended plea agreement of life with a chance of parole.
Mr. Castro chose to take the recommended plea agreement and that agreement was accepted by the Court[,] and *1220 he was accordingly sentenced to life with a chance of parole. Perhaps the “20 year” sentence Mr. Castro refers to in his complaint is due to his misconstruing the explanation of “life with the chance of parole” which was given to him by us (counsel) and I believe additionally by the Court. That explanation is, that given his age he would have a chance for parole in about 20 years.
(Emphasis in original). The circuit court’s order indicates that the judge considered this letter.
¶ 10. In Thomas v. State, 881 So.2d 912, 915 (¶5) (Miss.Ct.App.2004), Thomas alleged that his plea was involuntary because it was entered in response to his attorney’s erroneous advice about his parole eligibility. Id. at 915-16 (¶ 9). This Court acknowledged:
A guilty plea is binding on a defendant only if it is entered voluntarily and intelligently. A plea is considered “voluntary and intelligent” only if the defendant is informed of the nature of the charge against him and the consequences of the plea. Before the trial court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. As part of its voluntariness inquiry, the court must determine whether the accused understands the minimum and maximum sentences for the charge.
Id. at 916 (¶ 9) (citations and quotation marks omitted). The Court noted that “a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.” Id. at (¶ 10). However, a misunderstanding created by the erroneous advice of defense counsel may be corrected by the circuit court during the voluntariness inquiry. Id. at 917 (¶18).
¶ 11. At the hearing, the judge addressed the life sentence. “Mr. Castro, regarding your sentence, you understand I just went over the maximum sentence with you? You understand regarding your incarceration, this is the only sentence available, that being a life sentence in the state penitentiary? Do you understand?” Castro responded that he understood. The judge then asked Castro, “Do you understand that if your were sentenced to prison time, that you have no assurance of parole or early release?” Again, Castro responded that he understood. Therefore, any misunderstanding created by erroneous advice given by Spriggs about parole was corrected by the circuit court during the voluntariness inquiry at the plea hearing.

II. Ineffective Assistance of Counsel

¶ 12. To establish a claim for ineffective assistance of counsel, Castro must demonstrate: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Castro bears the burden of proof. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under this analysis, it is presumed that counsel’s representation falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 13. However, the defendant may overcome the presumption. To do so, he “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. But “unimpeachable documentary evidence in the record,” such as the petitioner’s prior sworn testimony, may so contradict the allegations as to make them a “sham.” Mitchener v. State, 964 So.2d 1188, 1194 (¶ 15) (Miss.Ct.App. 2007) (quoting Wright v. State, 577 So.2d *1221 387, 390 (Miss.1991)). When this occurs, no evidentiary hearing is required. Id.
¶ 14'. Before accepting Castro’s guilty plea, the circuit judge thoroughly examined Castro about the legal advice he received. Instead of testifying that he had been given contradictory, confusing, and incorrect advise, Castro testified he had been thoroughly advised and that he was satisfied with his attorneys’ services. The circuit judge also asked if anybody made Castro any promises to get him to plead guilty other than what was contained in his plea agreement and accompanying orders. He responded with, “No.” The circuit judge asked again if anyone had made him any promises of leniency or any other sentence other than life in the state penitentiary. Castro again responded, “No.” Therefore, these responses by Castro at the plea hearing were unimpeachable documentary evidence in the record to contradict his allegations of ineffective assistance of counsel.

III. Ineffective Translator

¶ 15. To support his claims of ineffective assistance of counsel and an involuntary guilty plea, Castro asserted that he “was in no way capable of communicating] in English, either written or spoken.” Because Spriggs was only “somewhat conversant in Spanish,” the' court administrator appointed an interpreter to Castro’s case. According to Mississippi Code Annotated section 99-17-7 (Rev.2007), “In criminal cases wherein the defendant has been declared indigent, the court may appoint an interpreter who is certified as provided in Section 9-21-73, when necessary, sworn truly to interpret....” Section 9-21-73 provides:
(1)The Director of the Administrative Office of Courts shall establish a program to facilitate the use of interpreters in all courts of the State of Mississippi. (2)(a) The Administrative Office of Courts shall prescribe the qualifications of and certify persons who may serve as certified interpreters in all courts of the State of Mississippi in bilingual proceedings. The Director of the Administrative Office of Courts may set and charge a reasonable fee for certification.
(b) The director shall maintain a current master list of all certified interpreters and shall report annually to the Supreme Court on the frequency of requests for and the use and effectiveness of the interpreters.
(3) In all state court bilingual proceedings, the presiding judicial officer, with the assistance of the director, shall utilize the services of a certified interpreter to communicate verbatim all spoken or written words when the necessity therefor has been determined pursuant to Section 9-21-79.
(4) All state courts shall maintain on file in the office of the clerk of the court a list of all persons who have been certified as interpreters in accordance with the certification program established pursuant to this section.
Miss.Code Ann. § 9-21-73 (Rev.2014).
¶ 16. The statute became effective in July 2006. The director of the Administrative Office of Courts did not establish the program to facilitate the use of interpreters until October 17, 2011. Regardless, Castro entered in his guilty plea on October 5, 2011. As a result, the judge could not pick from a list of certified interpreters.
¶ 17. During this time, the DeSoto County Circuit Court regularly used a translator. However, this translator re-cused herself because she was good friends with the deceased. With no other interpreter readily available, the court selected *1222 an interpreter from the Shelby County Court System of Tennessee.
¶ 18. Regardless, Castro offers no evidence and admits that there is no evidence on whether he was accidently misled or intentionally deceived when conversing with his attorney through the translator. Because Castro’s sworn testimony belies his allegations in his PCCR motion, we find the circuit court properly found his claims of an involuntary guilty plea and ineffective assistance of counsel to have no merit. We affirm the summary dismissal of Castro’s PCCR motion.
¶ 19. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.