# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00894-COA

MARQUE D. WEST A/K/A MARQUE DAISHON WEST         APPELLANT

v.

STATE OF MISSISSIPPI         APPELLEE

DATE OF JUDGMENT:        04/08/2016
TRIAL JUDGE:        HON. LAMAR PICKARD
COURT FROM WHICH APPEALED:        CLAIBORNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        MARQUE D. WEST (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
        BY: ABBIE EASON KOONCE
NATURE OF THE CASE:        CIVIL - POSTCONVICTION RELIEF
DISPOSITION:        AFFIRMED - 08/29/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1. Marque Daishon West pleaded guilty to second-degree murder in the Circuit Court of Claiborne County. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC). West filed a motion for postconviction relief (PCR), which the circuit court denied by order. West appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. West was indicted for the first-degree murder of Eric Hyder, pursuant to Mississippi Code Annotated section 97-3-19(1)(a) (Rev. 2014); however, West pleaded guilty to murder in the second degree, pursuant to Mississippi Code Annotated section 97-3-19(1)(b). There

is no transcript contained in the appellate record; however, West completed a "petition to enter a plea of guilty." West filed a PCR motion, which was denied by order. In that order, the circuit court determined that West's PCR motion lacked merit and did not require an evidentiary hearing. West appeals.

## STANDARD OF REVIEW

¶3.     "We review the dismissal or denial of a PCR motion for abuse of discretion." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). Further, "when reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Adams v. State*, 201 So. 3d 521, 523 (¶4) (Miss. Ct. App. 2016) (citing *Hughes*, 106 So. 3d at 838 (¶4)).

¶4.     "A trial court possesses the authority to summarily dismiss a PCR motion without an evidentiary hearing if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. §99-39-11(2) (Rev. 2015). *See also Kennedy v. State*, 181 So. 3d 299, 301 (¶10) (Miss. Ct. App. 2015).

## DISCUSSION

### I.     Whether West was entitled to be informed at sentencing of his ineligibility for parole.

¶5.     West asserts that he was not informed of his ineligibility for parole. He further asserts that neither parole nor credit for time served was mentioned at the sentencing hearing. This Court has previously held that "a defendant does not possess a constitutional right to full

2

parole information at or before his guilty plea." *Jackson v. State*, 178 So. 3d 807, 810 (¶13) (Miss. Ct. App. 2014) (citing *Stewart v. State*, 845 So. 2d 744, 747 (¶11) (Miss. Ct. App. 2003)).

¶6. Further, "it is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted." *Thomas v. State*, 881 So. 2d 912, 916 (¶10) (Miss. Ct. App. 2004). "However, a plea is involuntary if a defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation." *Id*. (citation omitted).

¶7. In *Thomas*, the defendant "allege[d] that his attorney erroneously told him that he would be eligible for parole if he entered a guilty plea." *Id.* at 917 (¶16). However, the defendant was not eligible for parole. "Any contrary advice by counsel was wrong and constituted deficient performance." *Id.*

¶8. In West's PCR motion, he argued that his attorney did not advise him of his ineligibility for parole. However, in the brief before this Court, he alleges that neither parole rights nor the possibility of a sentence reduction was ever mentioned by his attorney or the trial judge. "Issues raised in a PCR motion that are not supported on appeal are abandoned and need not be considered by this Court." *Ford v. State*, 121 So. 3d 325, 328 (¶12) (Miss. Ct. App. 2013) (quoting *Fluker v. State*, 17 So. 3d 181, 182-83 (¶4) (Miss. Ct. App. 2009)).

¶9. Notwithstanding the procedural bar, the record does not reflect that West was misinformed regarding the possibility of parole at the time of sentencing. Moreover, in *Stewart*, 845 So. 2d at 747 (¶11), this Court held that "being unaware [of ineligibility for

parole] is not synonymous with ill or erroneous advice." *See also Jackson*, 178 So. 3d at 810

(¶13). "In *Stewart*, the defendant asserted that she was unaware of her ineligibility for

parole, earned time, and meritorious time." *Jackson*, 178 So. 3d at 810 (¶13) (citing *Stewart*,

845 So. 2d at 747 (¶11)). This Court found "that a trial judge is not required to inform a

defendant of [his] ineligibility for parole." *Id.* (citing *Stewart*, 845 So. 2d at 747 (¶11)).

¶10. The following is an excerpt of the "petition plea to enter guilty" initialed by West.

> I declare that no officer or agent of any branch of government, nor any other person has made any promise or inducement of any kind to me, or within my knowledge to anyone else, that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead "Guilty."
>
> . . . .
>
> I do understand that no one can assure me of parole or early release.
>
> I understand that if I am not eligible for parole, I will not receive "good time" credits. I also understand that "earned time" or "good time" will not be applied to reduce my parole eligibility date. I understand that this Court has no control over the giving of earned time or good time.

¶11. West signed that he was aware of the possibility of or his ineligibility for parole.

Therefore, we find this issue to be without merit.

**II. Whether West's sentence was enhanced.**

¶12. West asserts that his sentence was enhanced, and he was not given adequate time to

prepare a defense. We disagree. West pleaded guilty to second-degree murder pursuant to

section 97-3-19(1)(b), which requires a maximum sentence of forty years and a minimum

sentence of twenty-five years in the custody of the MDOC. West was sentenced to thirty

years in the custody of the MDOC. This Court finds that West's sentence was neither

4

illegally nor secretly enhanced. Furthermore, in West's plea petition, he initialed that his lawyer informed him as to the maximum and minimum punishments the circuit court could have imposed. Accordingly, this issue is without merit.

¶13.   Therefore, we find that the circuit court properly denied West's PCR motion.

¶14.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**