# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01159-COA

**ROMELLO WILSON A/K/A ROMELLO CURTIS**          **APPELLANT**
**WILSON A/K/A ROMELLO C. WILSON**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/20/2018 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROMELLO WILSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/07/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1. On May 15, 2018, Romello Wilson filed an unsuccessful motion for post-conviction collateral relief (PCR), arguing that his plea was involuntary, he was wrongfully denied parole eligibility, and he received ineffective assistance of counsel. Wilson now appeals the circuit court's denial of his PCR motion. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On August 4, 2016, a Madison County grand jury indicted Wilson for armed robbery and kidnapping stemming from an incident that occurred on or about April 5, 2016. Wilson pled guilty to both crimes on November 16, 2016, and on December 8, 2016, the circuit court

sentenced him to fifteen years for armed robbery and fifteen years for kidnapping to be served in the Mississippi Department of Correction's custody. Wilson's two sentences were set to run consecutively, giving him a total of thirty years to serve. Pursuant to Mississippi Code Annotated section 47-7-3(1)(g)(i) (Rev. 2015), Wilson was ineligible for parole.

¶3. On May 15, 2018, Wilson filed a PCR motion with the circuit court, claiming that he had not been made aware of his ineligibility for parole at the time of his plea and that he was wrongfully denied parole. Wilson further argued that he received ineffective assistance of counsel. On July 20, 2018, the circuit court denied Wilson's PCR motion, finding his arguments to be without merit. Aggrieved, Wilson appeals.

## STANDARD OF REVIEW

¶4. This Court reviews the dismissal or denial of a PCR motion for abuse of discretion, and we will only disturb the circuit court's findings if they are clearly erroneous. *West v. State*, 226 So. 3d 1238, 1239 (¶3) (Miss. Ct. App. 2017). The circuit court's legal conclusions, however, are reviewed de novo. *Id*. Furthermore, for PCR motions, the movant has the burden to prove by a preponderance of the evidence that he is entitled to relief. *Shavers v. State*, 215 So. 3d 502, 505 (¶7) (Miss. Ct. App. 2016).

## ANALYSIS

¶5. Because the crux of Wilson's first two arguments involve parole eligibility, we address the substance of this contention first.

### I. Wilson's Parole Eligibility

¶6. Wilson argues that the circuit court wrongfully denied him the "right" to parole.

2

Wilson states that he is eligible for parole upon serving fifty percent of his sentence under Mississippi Code Annotated section 97-3-2(2) (Rev. 2014).

¶7.     Section 97-3-2(2) states that "[n]o person convicted of a crime of violence listed in this section is eligible for parole or for early release from the custody of the Department of Corrections *until* that person has served at least fifty percent (50%) of the sentence imposed by the court." (Emphasis added).  While Wilson interprets this statute as granting him parole eligibility, section 47-7-3(1)(g)(i) contradicts this assertion.  Section 47-7-3(1)(g)(i) states that "[n]o person who, on or after July 1, 2014, is convicted of a crime of violence pursuant to Section 97-3-2, a sex crime or an offense that specifically prohibits parole release, shall be eligible for parole."  Under subsections 97-3-2(1)(f) and (j), crimes of violence include both armed robbery and kidnapping.  *See* Miss. Code Ann. § 97-3-2(1)(f), -2(1)(j).

¶8.     Previously, the contradiction between the plain language of section 97-3-2(2) and section 47-7-3(1)(g)(i) caused confusion to criminal defendants, attorneys, and trial courts. The Mississippi Supreme Court recently attempted to harmonize the two parole-related provisions in *Fogleman v. State*, No. 2016-CT-01244-SCT, 2019 WL 4071866 (Miss. Aug. 29, 2019).  In *Fogleman*, the supreme court held that "[s]ection 47-7-3(1)(g)(i) *does* apply to the per se crimes of violence listed in subsection (1) of Section 97-3-2 because [subsection] 97-3-2(1) is silent about parole eligibility" but *does not* apply to crimes of violence designated by a circuit court under subsection 97-3-2(2).  *Fogleman*, 2019 WL 4071866, at *5 (¶23).

¶9.     In *Fogleman*, the supreme court held that because the circuit court designated the

3

defendant's conviction as a crime of violence under subsection 97-3-2(2), the defendant was eligible for parole upon completion of fifty percent of his sentence. *Id*. at (¶24). However, according to the supreme court's holding, Wilson's conviction would *not* be parole eligible because it falls within the statutorily defined crimes of violence in listed in section 97-3-2(1). *Contra id.* Accordingly, we find that Wilson is not entitled to parole under Mississippi law, and therefore Wilson's argument lacks merit.

## II. Involuntary Plea

¶10. Wilson also argues that "the record clearly show[s] that [he] was not properly notified in his indictment, sentencing order, or plea hearing that his right to parole was being denied." For this reason, Wilson seems to suggest that his plea was involuntary. "A guilty plea is binding if entered voluntarily, knowingly, and intelligently." *Woods v. State*, 71 So. 3d 1241, 1244 (¶8) (Miss. Ct. App. 2011). A defendant's plea meets this standard if "the defendant is advised concerning the nature of the charge[s] against him and the consequences of his plea." *Mason v. State*, 42 So. 3d 629, 632 (¶7) (Miss. Ct. App. 2010) (quoting *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). "The PCR movant has the burden to show by a preponderance of the evidence that his plea was involuntary." *Woods*, 71 So. 3d at 1244 (¶8).

¶11. Wilson fails to meet his burden for several reasons. First, the supreme court has consistently held that there is no constitutionally recognized right to or interest in parole in Mississippi. *Fogleman*, 2019 WL 4071866, at *4 (¶17) (citing *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996)). Therefore, Wilson has no *right* to parole or early release. *Id*.

¶12. Second, the voluntariness of Wilson's plea does not hinge upon his understanding of his parole eligibility. As this Court has previously explained:

> Because parole is a matter of legislative grace, parole eligibility or noneligibility is not considered a 'consequence' of a guilty plea. It is not a prerequisite to a voluntary plea that the defendant understand the nature of parole, his eligibility for parole, and the circumstances under which it may be granted. But a plea may be rendered involuntary only if the defendant is affirmatively misinformed regarding the possibility of parole and pleads guilty in reliance on the misinformation.

*Moore v. State*, 248 So. 3d 845, 852 (¶17) (Miss. Ct. App. 2017) (quotation marks, brackets, and emphasis omitted). Here, Wilson does not allege that he was misinformed about his parole eligibility but rather that he was not notified of his ineligibility. Still, there is no evidence in the record to suggest that the circuit court or Wilson's attorney affirmatively misinformed Wilson about his parole eligibility or that he pled guilty in reliance on any such misinformation. *Moore*, 248 So. 3d at 852 (¶17).

¶13. Third, upon review of the record, we find that the circuit court advised Wilson as to his parole-eligibility status during his plea hearing. In fact, the circuit court explained to Wilson the likelihood of his parole ineligibility for both armed robbery and kidnapping as follows:

Court:    [Y]ou're not eligible for parole under an armed robbery conviction. You may not be eligible for kidnapping. Under the new statutes, . . . I know you've got to serve at least 50 percent of the time before you could have any kind of early release. So nobody can make you any promises about whether or not you will get any early release.

At this point, the time that you would serve for armed robbery, more likely than not, will be day-per-day time. The time that you would serve for kidnapping may be day-per-day time.

5

> But, in any event, you'd have to serve at least 50 percent before [you] could have any early release, but **it wouldn't be parole** as I understand the statutes right now.
>
> . . . .
>
> But, as best [as] I can understand, the armed-robbery time at this point would probably be 100 percent time and the kidnapping would be at least 50 percent time, **but for neither of them are you eligible for parole.**

¶14. In addition, the circuit court asked Wilson multiple times on the record if he had any further questions. The circuit court also advised Wilson that he could withdraw his plea motion and proceed to trial at any time during the hearing prior to the court's acceptance of his guilty plea. Wilson consistently affirmed on the record that he understood everything the court explained and that he voluntarily wished to plead guilty. We give great weight to a defendant's statements made under oath and in open court. *Vandergriff v. State*, 920 So. 2d 486, 490 (¶7) (Miss. Ct. App. 2006). For each of the foregoing reasons, we find Wilson's argument lacks merit and that the circuit court rightfully denied Wilson's PCR motion on this issue.

### III. Ineffective Assistance of Counsel

¶15. Wilson also claims that he received ineffective assistance of counsel. To prove his claim, Wilson must show that (1) his counsel's performance was deficient, and (2) there is a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018).

¶16. To support his claim for ineffective assistance of counsel under prong two, Wilson only states that his defense counsel "answered for him" at the plea hearing and pled guilty

6

to his charges for him. Wilson's assertion is based upon the following exchange among the circuit court, Wilson, and Wilson's counsel during the plea hearing:

Court:      And you understand that I'm not bound by the recommendation the State may make as to sentence and instead I could impose the maximum sentence authorized by law for each of these offenses and order that they run consecutively to each other?

Wilson:      Yes, sir.

Court:      And knowing that, do you still want to go forward with your plea?

Wilson:      I mean, I'm trying to see what the plea is, your Honor.

Court:      Well, the plea is what we just finished going through. I'm [about] to get to the point where [the State] make[s] a recommendation, but I haven't got[ten] there yet.

Wilson:      Yes, sir.

Court:      I'm saying – I don't know what I'm saying.

Counsel:      **He's pleading guilty because he is, in fact, guilty.**

(Emphasis added).

¶17. On appeal, Wilson now ignores the multiple times during the plea hearing in which he affirmed his desire to plead guilty to the circuit court. This includes the following exchange:

Court:      After discussions with your attorney, are you the one that decided to plead guilty?

Wilson:      **Yes, sir.**

Court:      Are you telling me then that you're freely and voluntarily admitting your guilt to these crimes?

Wilson:     **Yes, sir.**

(Emphasis added).  Wilson then assured the circuit court that he had no complaints with his counsel's representations.

¶18.    It is clear from the record that Wilson's argument is directly contradicted by his own testimony during the plea hearing.  Wilson offers no further evidence to support the claims against his counsel, and therefore he fails to meet his burden of proving ineffective assistance of counsel.

¶19.    We also find nothing in the record indicating that Wilson's counsel performed deficiently.  Therefore, this issue also lacks merit.

## CONCLUSION

¶20.    Because we find no error in the circuit court's denial of Wilson's PCR motion, we affirm the circuit court's judgment.

¶21.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

8